UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FERDINAND FERREIRA,

        Plaintiff,

v.

THE BLACK & DECKER CORPORATION,
BLACK & DECKER (U.S.) INC., and
DEWALT INDUSTRIAL TOOL CO.,

        Defendants.

Civil Action No.

**COMPLAINT
AND JURY DEMAND**

## COMPLAINT AND JURY DEMAND

Plaintiff, Ferdinand Ferreira ("Plaintiff"), by the undersigned attorneys as and for his complaint herein alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a table saw designed, manufactured, sold and distributed by The Black & Decker Corporation, Black & Decker (U.S.) Inc. and DeWALT Industrial Tool Co. (collectively the "Defendants").

### PARTIES

2. Plaintiff is an individual who resides at 99 Summer Street, Somerville, Massachusetts.

3. Upon information and belief, Defendants The Black & Decker Corporation, Black & Decker (U.S.) Inc. (hereinafter "Black & Decker"), and DeWALT Industrial co. (hereinafter "DeWALT") are Maryland corporations with their principal place of business at 701 East Joppa Road, Towson, Maryland 21286. Defendants manufacture, distribute, and sell power tools under the Black & Decker and DeWALT trade names. Defendant Black & Decker (U.S.) Inc. and DeWALT are subsidiaries of The Black & Decker Corporation. Defendant Black & Decker has named C T Corporation System of 155 Federal Street, Suite 700, Boston, MA 02110 as its registered agent for process of service in the State of Massachusetts.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that it is an action between citizens of different states and the amount in controversy exceeds $75,000.00.

5. This Court has personal jurisdiction over the Defendants because Plaintiff's claims arise from the Defendants':

   a. transacting business in the Commonwealth of Massachusetts;

   b. contracting to supply services or things in the Commonwealth of Massachusetts;

   c. causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

   d. causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

6. This Court also has personal jurisdiction over defendant Black & Decker because Black & Decker is authorized to do business, and is doing business, in the Commonwealth of Massachusetts.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) in that all the Defendants reside in this District, as that term is defined in § 1391(c), and pursuant to § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

8. Upon information and belief, at times prior to October 12, 2009, Defendants were the designers, manufacturers, testers, suppliers, sellers, and/or distributors of a DeWALT DW745 10" table saw, Serial Number 200715-CT 063422, (hereinafter the "Subject Saw") and had distributed, supplied and/or sold the Subject Saw in Massachusetts.

9. On or about October 12, 2009, Plaintiff, while in the course of his employment for LR Contracting, was injured while operating the Subject Saw. At the time of the accident, Plaintiff was exercising all due care for his own safety.

10. The Subject Saw, like all table saws sold in the United States, is required to be sold with a blade guard. However, the blade guard on the Subject Saw is extremely difficult to use and it is necessary that the blade guard be removed for certain cuts. Once removed, it is extremely difficult to reattach. Thus, it is common practice for users of the Subject Saw to either assemble the table saw without the guard or to remove the guard and leave it permanently off the machine when using the table saw. This widespread practice was well known by Defendants, yet Defendants made no effort to improve the design of the guard to make it more user friendly until required to do so by recent changes to industry-wide standards.

11. The Subject Saw also comes with a splitter or spreader attached to the blade guard, which is designed to prevent "kickbacks" during cutting. A kickback is often the result of the table saw blade being pinched by the wood as it is being cut. The back of the table saw blade can cause the wood to jerk or kick back at a high velocity into the user, causing the user's hands to land on the saw blade or to be pulled into the blade. Kickbacks, such as that which occurred here, are common and can cause catastrophic injuries.

12. Defendants designed the splitter or spreader on the Subject Saw to be attached directly to the blade guard so that, when the blade guard is removed, as it often is, no kickback protection is provided to the user.

13. However, Defendants have known for several years that kickbacks can be substantially avoided by using an independent "riving knife" rather than a spreader. A riving knife is a small piece of metal that sits behind the blade and rises and falls with the blade. Even if the blade guard is removed, the riving knife remains in place, substantially reducing or eliminating kickbacks.

14. Independent riving knives have been used for decades in Europe and are required on all power table saws sold in Europe. Defendant Black & Decker manufactured, distributed, and sold table saws in Europe with riving knives. Recently, riving knives have been included as necessary safety equipment pursuant to new industry-wide standards adopted in the United States.

15. The Subject Saw used herein did not include a riving knife.

16. Had Defendants employed this safer, available technology on the Subject Saw, Plaintiff would not have been injured, or his injury would have been substantially reduced.

17.  For years, technology has also been available that, for example, would stop a power tool saw blade almost instantly upon contact with human flesh, thereby avoiding the traumatic injury suffered by Plaintiff.

18.  In or around November 2000, at a meeting of the Power Tool Institute, Inc. ("PTI"), of which Black & Decker is a member, Black & Decker was made aware of technology that detects when human flesh touches the spinning blade of a table saw, and once contact is detected, stops the table saw blade almost instantly. At the time of the demonstration, the inventor of the flesh detection and braking technology offered to make the technology available to Black & Decker through a licensing agreement. Defendant Black & Decker chose not to utilize this technology and instead joined with other table saw manufacturers through PTI to form a joint venture, ostensibly to develop their own flesh detection and braking technology. Defendants, however, have continued to sell table saws without this available technology.

19.  The Defendants, acting through PTI, have also actively lobbied the consumer Protection Safety commission ("CPSC") to prevent the adoption of flesh detection systems as a safety standard on table saws.

20.  Defendants failed to pursue licensing and use of this available, safer flesh detection technology, and failed to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh.

21.  The Subject Saw does not incorporate the flesh detection and braking technology, or other comparable safety technology.

## COUNT I

**(Negligence Against Defendants)**

22. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 21 and incorporates each as if fully set forth herein.

23. Defendants were negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Subject Saw and were negligent with respect to equipping the Subject Saw with adequate safeguards, warnings and/or instructions.

24. As the direct and proximate result of said negligence of Defendants, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, including multiple surgeries, incurred medical expenses, lost time from work, and his ability to engage in normal and usual activities has been adversely affected.

## COUNT II
### (Breach of Implied Warranty Against Defendants)

25. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 24 and incorporates each as if fully set forth herein.

26. Defendants impliedly warranted to Plaintiff that the Subject Saw and its component parts were merchantable, safe and fit for ordinary purposes. Defendants are merchants with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Defendants. Defendants therefore breached these warranties to Plaintiff.

27. As the direct and proximate result of Defendants' said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, including multiple

surgeries, incurred medical expenses, lost time from work, and his ability to engage in normal and usual activities has been adversely affected.

## COUNT III
### (Strict Liability Against Defendants)

28. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 27 and incorporates each as if fully set forth herein.

29. Defendants placed the Subject Saw that injured Plaintiff on the market, knowing that it would be used without inspection for defect.

30. The Subject Saw that was placed on the market by Defendants and which injured Plaintiff was defective.

31. The defect in the Subject Saw caused Plaintiff's injury, causing Plaintiff to sustain severe and permanent physical injury and great pain of body and mind, to require extensive hospital and medical care and treatment and medical expenses, and to suffer lost time from work, and impaired his ability to engage in normal and usual activities.

**WHEREFORE**, the Plaintiff Ferdinand Ferreira demands judgment against the Defendants in an amount sufficient to compensate him for his losses in damages, together with interest and costs.

## JURY DEMAND

Plaintiff Ferdinand Ferreira hereby demands a trial by jury on all issues so triable.

Dated: April 28, 2011

Respectfully submitted,

**SULLIVAN & SULLIVAN, LLP**

_____
Richard J. Sullivan
BBO No. 554085
40 Washington Street
Wellesley, Massachusetts 02481
Ph: 781-263-9400

**Williams & Mahoney, LLC**
David M. Williams
900 Cummings Center, Suite 306-T
Beverly, Massachusetts 01915-6177

**Boies, Schiller & Flexner LLP**
George F. Carpinello
10 North Pearl Street, 4th Floor
Albany, New York 12207
Ph: 518-434-0600

*Attorneys for Plaintiff*